[No. 27692. Department Two. November 13, 1939.]

SUN LIFE ASSURANCE COMPANY OF CANADA, *Plaintiff,*
v. FRED SUTTER, *as Administrator, Appellant,*
FRANCES LAURENSON, *Respondent.*[1]

[1]Reported in 95 P. (2d) 1014.

*Lindsay & Harper*, for appellant.

*Edgar E. Neal, Smith & Matthews*, and *Beverly S. Wilkerson*, for respondent.

BEALS, J.—Alfred Loertscher, who for many years was in the employ of Puget Sound Power & Light Company, a corporation, prior to the year 1932, took out two policies of insurance upon his life; one with Western Union Life Insurance Company, in the sum of three thousand dollars, the other with Sun Life Assurance Company of Canada, for $1,624. Luise Loertscher, mother of the insured, a resident of Switzerland, was named as beneficiary in each policy.

Mrs. Loertscher died July 23, 1934, and the policies then by their terms became payable to the insured's estate, subject to the naming by him of a new beneficiary. Sun Life Assurance Company of Canada, at some date after the issuance of the first policy above referred to, absorbed the corporation named as the insurer in that policy, and assumed the obligations thereof. The two policies had been taken out under a system of group insurance available to Alfred Loertscher and his fellow employees of the corporation above named.

Alfred Loertscher, the insured, died April 5, 1938, and thereafter defendant Fred Sutter was, by the superior court for Clallam county, regularly appointed administrator of his estate, the estate being now in the course of administration. The administrator above named and Frances Laurenson each filed with the

insurer corporation a claim demanding payment of the proceeds of the policies. Thereafter, the Sun Life Assurance Company of Canada filed in the superior court for Clallam county a complaint in interpleader, alleging the issuance of the policies, the death of the beneficiary therein named, the death of the insured, and that at the time of his death the policies were in good standing. The complaint also alleged that the administrator of the estate of the insured and Miss Laurenson each claimed to be entitled to the entire proceeds of the policies. Plaintiff alleged its desire to pay the proceeds of the policies to the person legally entitled to receive the same, disclaimed any right or interest in any of the proceeds of the policies, and paid the total face value of the insurance into the registry of the court, praying that the court adjudicate the respective rights of the defendants to the money, award plaintiff an attorney's fee, and enter such other order as might be proper.

The claimants filed answers and cross-complaints, each claiming the proceeds of the policies and denying the right of any other person to share therein.

The issues having been fully made up, the action was tried to the court, sitting without a jury, and resulted in a judgment awarding the proceeds of the two policies to Frances Laurenson. From this judgment, defendant Fred Sutter, as administrator of the estate of Alfred Loertscher, has appealed.

The plaintiff in the action, not being concerned with the award, has not participated in this appeal. Fred Sutter will be referred to as appellant; Frances Laurenson as respondent.

Error is assigned upon the entry of the judgment in respondent's favor, in that the same is contrary to the law and the evidence; appellant contending that, even though every issue of fact in the case be resolved in

respondent's favor, the record does not support the judgment entered by the trial court. Error is also assigned upon the denial of appellant's motion to dismiss respondent's claim at the close of her case, and upon the admission of certain evidence introduced by respondent over appellant's objection.

The policies in question contain the following provision concerning the change of beneficiary:

"Change of Beneficiary. The insured may successively change the beneficiary hereunder, if there is no existing assignment of this contract, by filing written notice at the Home Office of the Company accompanied by this contract for suitable endorsement. The change shall take effect and all interest of the former beneficiary shall cease immediately upon the making of such endorsement by the Company."

The policies had been assigned to the insured's employer, Puget Sound Power & Light Company, and appellant contends that the steps which the insured took to effect an assignment of the policies were ineffective, in view of this assignment. By a paragraph of the application for each policy, the policies were assigned to the employer, the evidence indicating that the assignment to the employer was for the limited purpose of securing to the employer the return of any portion of any premium on the policy advanced by the employer, in case the employment of the insured should cease or the policy be surrendered by the insured before maturity and while the insured was still in the assignee's employ. The assignee has asserted no claim of any sort, and it appears beyond question that the assignee, under the circumstances disclosed by the record herein, has no interest in the proceeds of the policies. In view of the evidence before us, we hold that the existence of the assignment had no effect upon the right of the insured to designate a new beneficiary after the death of his mother.

The facts relevant to the question to be here determined are as follows: Early in February, 1938, the insurance company received through the mail the two insurance policies which are the subject matter of this action, together with the following letter, which is typewritten, with the exception of the italicized words, which were written with a pen:

"Sun Life Assurance Company Sequim, Washington
"Montreal, Canada. February 4, 1938
"Dear Sirs:
"Enclosed please find policy No. 70302 of Sun Life Assurance Company of Canada and policy No. PC 64912 of Western Life Insurance Company upon which I wish the name of the beneficiary changed from Louise Loertscher, deceased, to *Frances Laurenson, Sequim, Wash.* Yours very truly,"

The letter was unsigned, and apparently contained nothing which would enable the insurance company to positively identify the sender. The insurance company was naturally unwilling to proceed in the matter without some definite assurance that the letter was written by Mr. Loertscher, and promptly communicated with Puget Sound Power & Light Company, explaining the situation. On February 24, 1938, the power company wrote Mr. Loertscher as follows:

"MEMORANDUM

"To Mr. Alfred Loertscher February 24, 1938
"From Mr. C. A. Durham
INSURANCE
CHANGE OF BENEFICIARY
"Enclosed is 'Request for Change of Beneficiary' form, in duplicate, to be signed by you before a witness and executed before a Notary Public.
"The Sun Life Assurance Company has requested that you be sure to state the relationship of the new beneficiary.
"Please return the forms (both copies) as soon as they have been completed as requested. CD AB"

Receiving no answer from Mr. Loertscher, an employee of the power company wrote him, under date March 14, 1938, as follows:

"MEMORANDUM
"To Mr. Alfred Loertscher March 14, 1938
"From Miss Mae Niemi
INSURANCE
CHANGE OF BENEFICIARY
"On February 24, I sent you 'Request for Change of Beneficiary' form in duplicate, which we received from General Winsor's office.
"I forwarded the forms to you under 'Personal' cover as I thought you would want this matter kept as confidential as possible.
"I will have to make a report to General Winsor's office very soon, so will you let me know whether you want your request canceled or changed in any way.
"If you have taken this matter up with Mr. Bourke or someone else, please let me know because otherwise it will be necessary to keep the file open. M. N."

Neither the power company nor the insurance company ever heard anything further from Mr. Loertscher, and he died April 5, 1938, as the result of an accident. After his death, the two letters which the power company wrote to him, together with the printed forms for the change of beneficiary referred to in the letter of February 24th, were found among his effects. No change of beneficiary was ever endorsed upon either policy.

It appears beyond question that the unsigned typewritten letter was in fact written by Mr. Loertscher, and that the words written with a pen are in his handwriting.

There is little dispute on the facts, many matters having been agreed to by stipulation of the parties.

Appellant relies upon the general rule that provisions in insurance policies relating to a change in beneficiary are valid and must be substantially com-

plied with. Of course, the insurer is entitled to reasonable protection, but in cases in which the insurer is not interested, the intent of the insured is entitled to great consideration. The policies which are the subject matter of this action expressly provide that the insured may change the beneficiary "by filing written notice at the home office of the company," accompanied by the insurance policy, for suitable endorsement. The policy does not require that the written notice shall be prepared in or upon any particular form, or that it shall be acknowledged before a notary, or witnessed, or even that it be signed.

Appellant relies upon the text found in 46 C. J. 555, § 56:

"Where the notice is required to be given in writing, it is generally required that it should be signed by the person authorized to give the notice or by some person by him duly authorized;"

and cases cited in support of the text. The trouble with this authority, in so far as the case at bar is concerned, is that the policies here in question do not require that the notice be signed. If the policies contained that requirement, a different question would be presented.

While the insurer naturally delayed entering the change of beneficiary upon the policies until suitable investigation of the authenticity of the notice could be made, if the insured took all necessary steps required by law, under the terms of the policies, to change the beneficiary, upon a question arising after the death of the insured, in which the insurer is not concerned, a case is presented in which the legally expressed wishes of the insured carry great weight.

As the insurer never noted any change of beneficiary upon the policies prior to the death of the insured, a court of equity will order a change in bene-

ficiary only if it appears that the insured, during his lifetime, did everything necessary to effectuate the change, nothing remaining for the insurer to do, save purely ministerial acts. 2 Couch Cyc. of Ins. Law, 867, § 315a; also 907, § 323.

We are convinced, as was the trial court, as stated in its oral opinion, that the letter written to the insurer was written and sent to the insurer by the insured. The matter is made doubly sure by the letters written to Mr. Loertscher on behalf of his employer. In the memorandum of March 14, 1938, Miss Niemi refers to the letter of February 24th, continuing: "Will you let me know whether you want your request canceled or changed in any way." These letters were found among Mr. Loertscher's papers after his death, and certainly if the notice of change of beneficiary had not been forwarded by him, he would have taken some action to ascertain what another had attempted to do in connection with his insurance.

We are also in accord with the ruling of the trial court that this unsigned letter, while informal and lacking any signature, constituted in fact a compliance with the requirement in the policies for a change of beneficiary.

Appellant cites many authorities in which it appeared that the insured, while taking some steps to effect a change of beneficiary, had not completed or delivered the writing required to make the change. These cases are not in point, as here the insured, if the notice which he sent was sufficient in form and substance, did everything necessary to make the change.

Appellant also cites the case of *Berg v. Damkoehler*, 112 Wis. 587, 88 N. W. 606. In that case, the policy provided that the beneficiary might be changed by filing a written request, duly acknowledged. The

insured sent the policy, together with a letter directing a change of beneficiary, whereupon the company sent blanks to the insured, to be executed in accordance with the provisions of the policy, but the insured died before accomplishing the required form. The court held that no change of beneficiary had been effected, no written request, duly acknowledged, having ever been executed. The court held that the terms of the contract of insurance had not been complied with, and that no change of beneficiary had been effected. In the case cited, it is clear that the appropriate provision of the policy had not been complied with. A written request, duly acknowledged, was required, and to demand such a document was well within the right of the insurer. The acknowledgment was a material part of the request, and, as the court said, "it was material because made so by the contract."

In the case cited, the court, after stating that the general rule is that any change in beneficiary must be made in the manner required by the policy, called attention to the fact that the rule in Wisconsin is subject to several exceptions, the court using the following language:

"Other exceptions are where the company has waived strict compliance with the rules; where it is beyond the power of the insured to comply with all the rules, and he has done all that is possible to secure the change; and also when he has pursued the rules, and done all in his power to change the beneficiary, but dies before the new policy is issued."

In the case at bar, it cannot be said that any requirement of that portion of the contract of insurance providing for a change of beneficiary was omitted.

This court, in the case of *Bernheim v. Martin,* 45 Wash. 120, 88 Pac. 106, considered a question not un-

like that here presented. Elma B. Martin, a widow, owned a policy (or "certificate") of life insurance, payable to her minor son, issued by the Modern Brotherhood of America. She later married Louis Bernheim, who, pursuant to an agreement with his bride, made her the beneficiary of some of his life insurance. She, desiring to make her husband the beneficiary under the policy in question, took the policy to the secretary of the local lodge, where she signed a form on the back of the policy, directing the cancellation of the certificate and the issuance of a new one in the same amount, naming her husband as beneficiary. She also paid the small fee required upon making the change. The policy was forwarded to the secretary of the national organization, who returned it to the local secretary, requesting that Mrs. Martin execute in duplicate another paper. She signed the two documents, but wrote her name Elma B. Bernheim, instead of Elma B. Martin. The papers were again forwarded and again returned, with the request that Mrs. Bernheim sign the papers as Elma B. Martin. In the meantime, Mrs. Bernheim had fallen ill, and when the matter of signing more papers was called to her attention, she refused to sign them, saying: "I am not going to sign any more papers now." While matters were in this situation, Mrs. Bernheim died. The insurer admitted liability, and paid the amount of the policy into court. Mr. Bernheim and Mrs. Martin's son thereupon presented their conflicting claims to the proceeds of the policy. In the course of the opinion, this court said:

"Mrs. Bernheim had done all this and, therefore, all that was required of her by the by-laws of the order to obtain the change of beneficiaries. It was the duty of the supreme secretary, under the by-laws of the order and upon receipt of the certificate the first time, to issue the new certificate which was requested. In-

stead of doing so, the secretary required the application to be signed by the assured by both her name before and that after marriage. But he stated in his evidence that there was no rule or by-law requiring that to be done, but it was the custom of his office to do so. Where the assured may change beneficiaries at will, and where he has pursued the course pointed out by the by-laws, and where he 'has done substantially all that is required of him to effect a change of beneficiaries, and all that remains to be done are the ministerial acts of the officers of the association, the change will take effect though the formal details were not completed before the death of the insured.' 4 Cooley, Briefs on the Law of Ins., p. 3769, and authorities there cited. 3 Am. & Eng. Ency. Law (2d ed.), p. 999.

"We think this rule is decisive of the case, and that, so far as the claimants are concerned, the assured had completely changed the beneficiary from her son to her husband. She was required to do no more under the by-laws than she had already done. The custom of the Brotherhood, requiring the signature in a certain way, was 'for its own protection, and cannot be held to defeat the will of the insured."

Appellant argues that the case cited is not in point, as there never was any question but what Mrs. Bernheim was the insured under the policy, and was the person who desired that the beneficiary be changed. It is evident that, in the case at bar, the insurer had far better reasons for delaying making the change on the policies than had the insurer in the case cited, but in the case at bar there can be no doubt whatsoever that Mr. Loertscher did in fact write the letter directing that the beneficiary be changed, and enclosing the policies with the letter. The fact that the insurer had greater reason to investigate the authenticity of this request, and greater reason for delaying in making a change of beneficiary, is of little importance, the basic question being: Did the insured

actually request that a change of beneficiary be made, and take all steps which were required by the contract to effect such change? We are convinced that this question must be answered in the affirmative, and we hold that Mr. Loertscher had done everything which the policies required that he do to make Frances Laurenson the beneficiary under the policies.

In the case of *Buckner v. Ridgely Protective Ass'n,* 131 Wash. 174, 229 Pac. 313, it was held that a writing directing the change of beneficiary, upon which the name of the insured was typewritten, was sufficient to make the change. It was held that the intent of the insured to change the beneficiary clearly appeared. In some particulars, the facts in the case cited are strikingly similar to the facts in the case before us.

While in the case at bar, it is urged that the insured had not done everything within his power to effect the change of beneficiary, as he did not sign the letter directing the change, we hold, nevertheless, that, under the provisions of the policies, Mr. Loertscher did everything necessary to make the change which he desired.

 Finally, appellant contends that, because the change of beneficiary was not noted upon the policy prior to the death of the insured, a court of equity will not now direct that the proceeds of the policy be distributed to the new beneficiary. As above noted, the policy provides that a change of beneficiary shall take effect upon the endorsement of such change by the company. Appellant argues that, the endorsement never having been made, the change never became effective.

The insurer is, of course, entitled to every protection in enabling it to determine who is the beneficiary under a policy and in conserving its legal rights under the contract of insurance; but it cannot, by mere delay

in accomplishing the ministerial act of noting the change, defeat the legally expressed wish of the insured.

In the case at bar, the insurer admitted liability under the policies and paid the proceeds thereof into the registry of the court, for the benefit of the person entitled thereto. Respondent argues that, by doing this, the insurance company waived any right which it might have to rely upon the letter of the policy, and that the provision above referred to, in so far as the facts of the case at bar are concerned, was merely for the protection of the insurer, and was waived by the payment of the proceeds of the policies into court.

Upon this question, the authorities appear to be in conflict. We are of the opinion that the better rule, which is supported by the weight of authority, requires a holding that, under the facts of this case, appellant cannot successfully contend that he should prevail on this appeal because the insurer had not, prior to the death of the insured, endorsed the change of beneficiary upon the policies. The insurance company is raising no question concerning the matter and has brought the proceeds of the policies into court, subject to judicial decision as to the person entitled thereto. Whether such action by the insurer would be held to constitute a waiver in a case where it could be contended that the insured had not taken all the steps required to effect a change of beneficiary, need not here be determined. Under the facts of this case, nothing remained for the insurer to do, save the performance of a ministerial act. This being true, and Mr. Loertscher having done everything which the law and the contract of insurance required him to do in order to accomplish a change of beneficiary under his insurance policies, appellant cannot complain of the failure of the insurance company to make the nota-

298

tion on the policies prior to Mr. Loertscher's death; and the insurer has waived any such question.

Some testimony was introduced as to statements made by the deceased concerning his wishes as to the disposition of his property. We find, however, nothing in the record which justifies this court in holding that the lawfully expressed desire of the insured for the designation of respondent as beneficiary under his policies of insurance should be changed by judicial decree.

The judgment of the trial court in respondent's favor is affirmed.

BLAKE, C. J., STEINERT, GERAGHTY, and JEFFERS, JJ., concur.

[1]Reported in 95 P. (2d) 1036.