[No. 38091. Department One. June 23, 1966.]

*Estate of* STANLEY J. HAMMEL, *Appellant,* v. GENERAL AMERICAN LIFE INSURANCE COMPANY, *Respondent.**

*Robinson, Landerholm, Memovich & Lansverk,* for appellant.

*Snider, McMullen & Reed,* for respondent.

*Reported in 415 P.2d 1017.

Rosellini, C. J.—This action was brought by the administrator of the estate of Stanley J. Hammel, deceased, to recover the proceeds of two policies of life insurance. The administrator's theory is that the company is liable in damages because it negligently failed to change the designated beneficiaries in accordance with the insured's request.

The undisputed evidence, which was before the trial court on motion of the defendant for summary judgment, showed that the policies were issued in 1914. They provided for change of beneficiaries ("with the consent of the Company") by endorsement thereon, upon request submitted on the company's form. Several changes of beneficaries had been effected in the intervening years. The policies were paid for before the insured became a resident of the state of Washington. At that time, the designated beneficiary was his daughter and the contingent beneficiary was his granddaughter.

In 1961, he wrote to the company asking that the beneficiary on each policy be changed to his estate. In a letter responding to this request and other matters, an agent of the company said:

Because of the Community Property Law in the State of Washington, before any change in these policies can be considered, the enclosed Community Property Statement will have to be completed and returned to us with the additional requirements as listed therein.

The insured replied as follows:

Your letter of mar 14-1961 at hand and to say the least it seems quite confusing in regards to the Community Property Statement enclosed in this way as follows—

On October 31-1936 the beneficiary of Policy was changed to my daughter Alta Lorraine Wilm now Alta Lorraine Gorman of San Diego Calif and my Granddaughter Roberta Ann Wilm now Roberta Ann Crow of Spokane, Wash,.

I am unable to understand why my decision to change my Beneficiary to my estate is not my priviledge in accordance with the conditions of said Policies, I shall await your further comment.

He received the following reply:

When we requested the Community Property State-ment, we were assuming that the Washington Community Property Law would apply to the rights under the policies.

The questions in the Statement were intended to bring out whether your wife or her heirs could have a Community Property Interest in the policies. If you can write us that you have not been married since you have lived in the State of Washington, we need not pursue the Community Property problem further. Please advise.

On March 27, 1961, the insured wrote:

This is to certify that I Stanley J Hammel of Vancouver Washington was married before becoming a resident of the State of Washington.

This was the end of the correspondence on this subject. The letters, from which the above excerpts have been quoted, also contained a discussion of proposed methods of paying off an existing loan and obtaining a further loan. These matters were resolved, but no further reference was made by either party to the requested change of beneficiary. On November 12, 1962, the insured died.

His widow instituted an action in Clark County against the company, Alta Lorraine Gorman and Roberta Ann Wilm Crow, claiming the proceeds of the policy under a community property agreement executed November 28, 1961. Her complaint also asserted that the defendants Gorman and Crow were named beneficiary and contingent beneficiary under the terms of the policies, but that the insured gave notice to the company to change beneficiaries. "and that change was not made."

The company thereupon brought an interpleader action in the United States District Court for the Northern District of California, Southern Division, there being diversity of citizenship among the defendants; and named all of these parties, as well as two creditors of the estate of the insured. as defendants.

The company paid the proceeds of the policy into court. That action resulted in a settlement among the defendants.

whereby the company's attorneys were paid their fees and the company's costs from the proceeds, Alta Lorraine Gorman received the sum of $876.46, and the insured's widow received the remainder due under the policies. The creditors and the contingent beneficiary received nothing.

A temporary restraining order which had been issued by the court, restraining the widow from proceeding further with her Clark County action, was made permanent and she was ordered to dismiss the action, and all of the defendants were permanently enjoined and restrained from instituting or prosecuting any action against the company upon the two policies.

Thereafter, the widow secured the appointment of her son by a former marriage as administrator of the insured's estate, and he brought this action.

The company moved for dismissal, stating as one of the grounds that the action was barred by the former adjudication in the federal court of California. The trial court was of the opinion that this contention had merit but did not rest its decision on that ground alone, finding in addition that the failure to effect a change of beneficiary was not the fault of the company.

We need not consider whether the appellant is correct in his contention that he is not bound by the California judgment because the estate was not a party to it.

The court correctly held that the insured had failed to submit the policy to the company for endorsement of the change of beneficiary, and that this was the reason the change was not effected. His correspondence showed that he was not unfamiliar with the terms of his policy. He refers at one point to them in these words:

> I am unable to understand why my decision to change my Beneficiary to my estate is not my priviledge in accordance with the conditions of said Policies . . . .

The company explained why it was not his privilege, and that explanation was justified by the state of the law in this jurisdiction on the question of the right of a spouse to change beneficiaries. See for example, *Aetna Life Ins. Co. v. Brock,* 41 Wn.2d 369, 249 P.2d 383 (1952), wherein the eight

judges who heard the case were unable to agree whether to adhere to the rule laid down in *Occidental Life Ins. Co. v. Powers,* 192 Wash. 475, 74 P.2d 27, 114 A.L.R. 531 (1937), regarding the right to change the beneficiary on a policy belonging to the community.

The appellant maintains that the jury could have found that the company was negligent in requiring a statement concerning the community status of the property. It is evident that the company would have been more negligent in not requiring it, in light of the present state of the law on the subject. As the appellant points out, the company was, or should have been, aware that the policy was paid for before the insured became a resident of the state of Washington. However, the company did not know whether the insured had entered into a community property agreement, a very real possibility, as subsequent developments confirm.

The insured had several times changed the beneficiaries on his policies; his letters indicate that he was familiar with the terms of his policy, and the last previous change had in fact been endorsed on the policy. It must have been submitted to the company for that purpose. The company did nothing to lead him to believe that it had recorded a change of beneficiaries. On the contrary, it told him that it could not do so if he was married, until he furnished the information regarding the status of the property as community or separate. This advice was consistent with an honest interpretation of the law of this state.

The fact that the insured took no further action to effect the change of beneficiaries is more consistent with a decision on his part not to make such a change, than it is with a belief on his part that the change had been made. He must have been aware that he had not secured the endorsement required by the terms of the policy and had not completed the statement which the company advised him would be required if a change was to be effected. The fact that he transacted other business with the company and made no further reference to the change of beneficiaries is also consistent with a change of heart on his part.

■   The appellant asks us to hold that a mere request to change beneficiaries is sufficient to effect a change. This would be contrary to the terms of the policy, with which the insured claimed familiarity. The insured, as well as the company, had a right to rely on those terms. He had the right to assume that, if he dropped the subject of a change in beneficiaries without submitting the policies for endorsement, no change would be made. And the company had the right to assume, if he did not submit the policy for endorsement and did not complete the statement, that he did not wish to pursue the matter further. Nothing done by either party manifested a different understanding.

The appellant cites *Sun Life Assur. Co. of Canada v. Sutter*, 1 Wn.2d 285, 95 P.2d 1014, 125 A.L.R. 1089 (1939), wherein we held that a change of beneficiary had been effected, although it had not been endorsed on the policy as required by its terms. However, in that case the insured had submitted the policy to the company, along with his request for the change. A delay in effecting the change occurred because the letter requesting it was not signed and the company was endeavoring to ascertain whether the letter had actually been written by the assured. Before he replied to their inquiry, he was killed in an accident.

This court found the letter had in fact been written by the insured and expressed his intent. The insurance company expressed disinterest in the dispute as to who was the true beneficiary, and this court gave effect to the intent of the insured. We recognized, however, the general rule that provisions in insurance policies relating to a change in beneficiary are valid and must be substantially complied with. We said, at 291:

> Of course, the insurer is entitled to reasonable protection, but in cases in which the insurer is not interested, the intent of the insured is entitled to great consideration.

This, however, is not such a case. The insurer may not have been an "interested" party when it filed its interpleader action in California. But now that it has paid the proceeds of the policy once, it has a very real interest in having the terms of the policy enforced. It was not through

any neglect on the part of the insurer that the beneficiary was not changed. Furthermore, we do not find that the evidence establishes even a prima facie showing that the insured assumed the change had been made.

The judgment is affirmed.

HILL, OTT, HUNTER, and HALE, JJ., concur.