[No. 1066-2.    Division Two.    November 20, 1974.]

HAROLD ALLEN et al., *Respondents*, v. VICTORIA A. ABRAHAMSON, *Appellant*.

*Thomas G. Holcomb,* for appellant.

*Daniel J. Murray* and *Dysart, Moore, Tiller & Murray,* for respondents.

PEARSON, C.J.—The parties in this suit both claim as beneficiaries the proceeds of a life insurance policy. The defendant, Victoria Abrahamson, appeals from a judgment entered in favor of the plaintiffs, Harold and Dorothy Allen. The case was tried to the court, sitting without a jury.

The question which will be dispositive of this appeal is whether the insured, Stephen Allen (now deceased), effectively changed the beneficiary designation on his life insurance policy to his parents, the plaintiffs, by delivering the certificates of insurance to them, even though he failed to take any further steps to effectuate the change. We hold that he did not.

Stephen Allen obtained a company group life insurance policy issued by the Equitable Life Assurance Society when he became an employee of the Weyerhaeuser Company. Stephen named his then girl friend, the defendant, as beneficiary. The master insurance contract provided that in order to change the beneficiary designation, a written request signed by the insured was necessary. As evidence of his insurance, Stephen was issued two certificates.

Some time later the romance between Stephen and the defendant began to fade. Stephen apparently then decided to substitute his parents as beneficiaries under the policy. In the presence of his brother, Stephen delivered the two insurance certificates to his parents. He stated that he was going to change the beneficiary designation, and that he planned to go to the offices of Weyerhaeuser to make that change. However, Stephen never notified or attempted to notify either the insurance company or his employer; nor did he attempt to alter the beneficiary designation on the insurance certificates. Stephen was killed in a hunting accident about 6 weeks after delivering the certificates to his parents. Both the plaintiffs and the defendant asserted their claim to the proceeds and the plaintiffs commenced this

lawsuit. The Weyerhaeuser Company and the Equitable Life Assurance Society were both named as defendants. They admitted their liability, deposited the $12,000 proceeds with the court, and were dismissed.

■ The general rule in this jurisdiction and elsewhere as to attempted changes of beneficiaries on an insurance policy is that courts of equity will give effect to the intention of the insured when the insured has substantially complied with the provisions of the policy regarding that change.[1] *Sun Life Assurance Co. v. Sutter*, 1 Wn.2d 285, 95 P.2d 1014, 125 A.L.R. 1089 (1939); *Bernheim v. Martin*, 45 Wash. 120, 88 P. 106 (1906); Annot., 19 A.L.R.2d 5 (1951). *See also Hammel v. General Am. Life Ins. Co.*, 68 Wn.2d 862, 415 P.2d 1017 (1966); *Koch v. Aetna Life Ins. Co.*, 165 Wash. 329, 5 P.2d 313 (1931); *Buckner v. Ridgely Protective Ass'n*, 131 Wash. 174, 229 P. 313 (1924); *United Benefit Life Ins. Co. v. Cody*, 286 F. Supp. 552 (W.D. Wash. 1968).

■ Substantial compliance with the terms of the policy means that the insured has not only manifested an intent to change beneficiaries, but has done everything which was reasonably possible to make that change. *See, e.g., Collins v. United States*, 161 F.2d 64 (10th Cir. 1947), *cert. denied*, 331 U.S. 859, 91 L. Ed. 1866, 67 S. Ct. 1756 (1947); *Schoenholz v. New York Life Ins. Co.*, 234 N.Y. 24, 136 N.E. 227 (1922), *aff'd on rehearing*, 234 N.Y. 605, 138 N.E. 464 (1922). In *Sun Life Assurance Co. v. Sutter, supra*, the Washington Supreme Court expressed this principle by stating:

[I]f the insured took all necessary steps required by law, under the terms of the policies, to change the beneficiary, upon a question arising after the death of the insured, in which the insurer is not concerned, a case is presented in

[1]There is a minority of cases which have held that strict compliance with the terms of the policy is necessary. These cases are premised upon the theory that a designated beneficiary has a vested interest in the policy which can only be divested by full compliance with the contract between the insured and the insurer. However, the continued validity of this view is questionable. *See* Annot., 19 A.L.R.2d 5, §§ 4,13 (1951); 5 R. Anderson, *Couch on Insurance* § 28:65 (2d ed. 1960).

which the legally expressed wishes of the insured carry great weight.

As the insurer never noted any change of beneficiary upon the policies prior to the death of the insured, a court of equity will order a change in beneficiary *only if* it appears that the insured, during his lifetime, *did everything necessary to effectuate the change, nothing remaining for the insurer to do, save purely ministerial acts.*

(Italics ours.) *Sun Life Assurance Co. v. Sutter, supra* at 291-92.

The substantial compliance requirement was explained by a New York court in the following manner:

Equity requires diligence. Therefore, where the insured failed to do all which might reasonably have been possible to effectuate his wishes, as to change a named beneficiary, aid will be denied.

*In re Estate of O'Neill,* 143 Misc. 69, 76, 255 N.Y.S. 767, 775 (1932).

There is virtually no persuasive authority to support the plaintiffs' argument that a change in beneficiary is effective when only the insured's intent at one time to make that change is proven.

*Koch v. Aetna Life Ins. Co., supra,* cited by plaintiffs, considered only the insured's intent because the insurance contract itself in that case *did not designate any particular method for changing beneficiaries.* In *Buckner v. Ridgely Protective Ass'n, supra,* the court discussed the insured's intent at great length because there was a serious question as to whether the typewritten document requesting the change was genuine—the signature also having been typed. The court found no evidence of fraud, and since the insured had complied with the terms of the policy in making the request, it ruled that the substitution of beneficiaries was effective.

Plaintiffs also rely on *Sundstrom v. Sundstrom,* 15 Wn.2d 103, 129 P.2d 783 (1942) in support of their position. There the court found valuable consideration to support a parol assignment of an insurance policy by the insured to his

wife. The insured had properly changed the beneficiary designation from his mother to his wife, but had failed to comply with the policy terms requiring notice of the assignment to the insurer. The insured subsequently took the policy from his wife and changed the beneficiary designation back to his mother by properly notifying the insurance company. Ruling for the wife, the court asserted that since the terms of the policy are for the protection of the insurer, the insurer had waived those terms requiring notice of the assignment by filing an interpleader.

We find the *Sundstrom* decision to be distinguishable because of different policy considerations applicable to insurance assignments as opposed to changes of beneficiary. An assignee's rights in the insurance contract vest immediately upon completion of the assignment. If the assignment has been proven by other means, the policy terms, once waived by the insurer, lose their relevancy. On the other hand, the interests of a beneficiary do not vest until *after* the death of the insured.[2] 2 J. Appleman, *Insurance Law and Practice* § 921 (1966). The rule requiring substantial compliance with the policy terms in effectuating a change of beneficiary becomes necessary for the purpose of demonstrating with a high degree of certainty that the deceased insured unequivocally desired to make that change, and that he did not some time thereafter abandon his purpose by failing to take affirmative steps to carry out his intent. We believe that the interests of predictability and stability in determining the beneficial interest under an insurance policy are matters of overriding importance, and are best served by the requirement of substantial compliance with the formalities of the insurance contract. Thus it is the rule in most jurisdictions that an insurer may not, by filing an interpleader, waive the policy terms in a manner which

[2]The exception to this rule is, of course, where the insured foregoes, or is by law precluded from asserting, his exclusive right to change the beneficiary. *See Stephen v. Gallion,* 5 Wn. App. 747, 491 P.2d 238 (1971); *Mollett v. United Benefit Life Ins. Co.,* 81 Wn.2d 359, 502 P.2d 460 (1972).

would defeat the vested interest of the beneficiary. *See, e.g., Pimentel v. Conselho Supremo,* 6 Cal. 2d 182, 57 P.2d 131 (1936); *Young v. American Standard Life Ins. Co.,* 398 Ill. 565, 76 N.E.2d 501 (1947); 2A J. Appleman, *Insurance Law and Practice* § 1046 (1966); Annot., 19 A.L.R.2d 5, §§ 42-44 (1951).

In the instant case the insured, Stephen Allen, never even attempted to comply with the policy requirement of written notification of a change of beneficiary. Furthermore, he was apparently aware of this requirement, having indicated an intent to make the change effective. Plaintiffs do not suggest that a valid assignment or gift took place. We hold therefore that the defendant, and not the plaintiffs, remained the legal beneficiary under the insurance policy.

By holding as we do, we need not consider the defendant's other assignment of error concerning the deadman's statute, RCW 5.60.030. We do wish to point out that the trial court stated it was not relying on the plaintiffs' testimony in reaching its decision, so any error that was committed by receiving this testimony was harmless.

Judgment reversed.

ARMSTRONG and PETRIE, JJ., concur.