[No. 23785-1-III. Division Three. November 8, 2005.]

*In the Matter of the Estate of* LON E. FREEBERG.

*Thomas L. Ledgerwood*, for appellant.
*Connie W. Taylor*, for respondent.

¶1 KATO, C.J. — Lon Freeberg opened an American Funds Individual Retirement Account (IRA) and named his children as beneficiaries. In 1995, he wanted to change the beneficiary to his wife, Margie Freeberg. But the paperwork was never completed and his children remained as beneficiaries. The court determined Mr. Freeberg substantially complied with the requirements to change his beneficiary to his wife. His children appeal. We affirm.

¶2 In 1982, Mr. Freeberg opened an IRA with Edward Jones. A single man at that time, he named his children as beneficiaries.

¶3 In 1984, Lon and Margie Freeberg were married. In 1995, the couple had new wills prepared by an attorney who told them that in order to put their estate planning into effect, they needed to change the beneficiaries on their respective IRAs.

¶4 Ms. Freeberg stated the couple instructed their Edward Jones agent to change the beneficiaries removing their respective children in favor of each other. She remembered signing some type of paperwork.

¶5 Peggy Byers, an employee with Edward Jones at that time, indicated she was present when the Freebergs came to change their beneficiaries. She said Mr. Freeberg directed the office to change his beneficiary to Ms. Freeberg on all of his investments, including his IRA. She could not explain why the change had not been made on the IRA. But she knew it was Mr. Freeberg's intent to have his wife as the beneficiary of his IRA.

¶6 Mr. Freeberg died in 2001. In his will, he left $125,000 to each of his children. Each would get $25,000 in cash and the remaining $100,000 would then be paid to them at ages 30, 35, 40. The remainder of Mr. Freeberg's property was to go to his wife.

¶7 In 2004, when Ms. Freeberg went to transfer some funds from the IRA, she learned the beneficiaries had never been changed.

¶8 Ms. Freeberg filed a motion to distribute the IRA. The children responded by filing a petition for dispute resolution. As of December 31, 2003, the IRA was valued at $125,116.29.

¶9 The court concluded it was Mr. Freeberg's intent to change the beneficiary on his IRA from his children to his wife. It found he did everything reasonably possible to make the change and substantially complied with the requirements to do so. The court ordered that Ms. Freeberg be designated the beneficiary of the IRA. The children appeal.

¶10 The court entered findings of fact and conclusions of law which ordered Ms. Freeberg be designated the beneficiary of the IRA account. We review findings of fact and conclusions of law for an abuse of discretion. *Scott v. Trans-System, Inc.*, 148 Wn.2d 701, 707-08, 64 P.3d 1 (2003). But our review is limited to determining whether the findings are supported by substantial evidence in the record and, if so, whether the conclusions of law are supported by those findings. *Id.* at 708.

¶11 Here, the findings of fact are not disputed. They are thus verities on appeal. *In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). The sole issue is whether the findings support the court's conclusion Ms. Freeberg should be designated the beneficiary of the IRA.

¶12 Washington permits courts, acting in equity, to enforce attempted changes in beneficiaries. *Rice v. Life Ins. Co.*, 25 Wn. App. 479, 482, 609 P.2d 1387, *review denied*, 93 Wn.2d 1027 (1980); *Allen v. Abrahamson*, 12 Wn. App. 103, 105, 529 P.2d 469 (1974).

> The general rule in this jurisdiction and elsewhere as to attempted changes of beneficiaries on an insurance policy is that courts of equity will give effect to the intention of the insured when the insured has substantially complied with the provisions of the policy regarding that change.

*Allen*, 12 Wn. App. at 105. Substantial compliance requires that the insured has manifested an intent to change ben-

eficiaries and done everything reasonably possible to make that change. *Id.*

¶13 In *Allen,* the insured had named his girl friend as the beneficiary on his life insurance policy. *Id.* at 104. When the relationship ended, Mr. Allen decided to change the beneficiary to his parents. *Id.* The policy required written notification of the change. He gave his parents the insurance certificates and said he was going to make the change, but he did not notify the insurance company of this intent. *Id.* He was killed six weeks after giving the certificates to his parents. *Id.* The court determined Mr. Allen did not even attempt to comply with the policy requirement of written notification of change of beneficiary so his former girl friend was still the beneficiary under the policy.

¶14 In *Rice,* the insured named his wife as the beneficiary. After their divorce, he named his mother and siblings as the beneficiaries. *Rice,* 25 Wn. App. at 480. He later became engaged and decided to name his fiance as beneficiary. *Id.* at 481. He filled out a form that was received by the insurance company's custodian of beneficiary records. The insured was killed in a car accident three days later. *Id.* The court upheld the change of beneficiary because it found the insured's intent was to change the beneficiary. *Id.* at 481-82.

¶15 In *Sun Life Assurance Co. v. Sutter,* 1 Wn.2d 285, 287-89, 95 P.2d 1014 (1939), the insured changed the beneficiary from his mother, who had died, to a friend. He wrote a letter indicating his intent, but failed to sign it. *Id.* at 289. The insurance company contacted the insured's employer, who in turn contacted the insured and sent him a change of beneficiary form. The insured died without returning the form. *Id.* at 290. When he died, the letters from his employer and the change of beneficiary form were found in his personal effects. *Id.* The court upheld and enforced the attempted change in beneficiary, finding the unsigned letter to the insurance company was indeed written and sent to the insurer by the insured and constituted compli-

ance with policy requirements for a change in beneficiary. *Id.* at 292.

¶16 The situation here is more like *Rice* and *Sutter*, than *Allen*. Mr. Freeberg orally indicated a request to change the beneficiary. He went to Edward Jones where he funded his IRA to change the beneficiary. He had also asked to change the beneficiary on his other investments. An employee there remembered this and could not explain why the change was made on the investments but not the IRA. In these circumstances, Mr. Freeberg substantially complied with the requirements to change the beneficiary. The court properly designated Ms. Freeberg as the beneficiary of the IRA.

¶17 Affirmed.

BROWN, J., concurs.

¶18 THOMPSON, J.[*] (dissenting) — I respectfully dissent. I do not believe that the findings of fact support the conclusions of law. The majority and the trial judge were persuaded that the facts in this case more closely resemble *Rice v. Life Insurance Company*, 25 Wn. App. 479, 609 P.2d 1387 (1980) than *Allen v. Abrahamson*, 12 Wn. App. 103, 529 P.2d 469 (1974). I conclude that the holding and rationale in *Allen* are a much closer fit here.

¶19 As noted by the majority, courts of equity will give effect to the intent of the insured concerning a change in beneficiaries when the insured has substantially complied with the provisions of the policy. *See Allen*, 12 Wn. App. at 105.

> Substantial compliance with the terms of the policy means that the insured has not only manifested an intent to change beneficiaries, but has done everything which was reasonably possible to make that change.

*Id.*

---

[*] Judge Philip J. Thompson is serving as judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

¶20 In *Allen*, the insured gave his parents the insurance certificates and told them that he was going to make the change, but he died before completing any written documents. *Id.* at 104. The court concluded that these acts did not constitute substantial compliance with the terms of the policy. *Id.* at 108. In contrast, the insured in *Rice* actually filled out the necessary forms which were later received by his insurance company. The insured died before the company made the changes. *Rice*, 25 Wn. App. at 481-82. As a result, the court concluded that the insured's actions fulfilled the substantial compliance requirement because he completed everything necessary on his part to change the beneficiary. *Id.* at 482 (quoting *Allen*, 12 Wn. App. at 105).

¶21 Here, the trial court made findings that would support the fact that at one time Mr. Freeberg expressed his intent to change beneficiaries on his individual retirement account (IRA). Specifically, the court found that Mr. and Ms. Freeberg went to the office of Edward Jones in July 1995 and that Mr. Freeberg instructed Edward Jones to change the beneficiary on all of his investments. But the court also found that no signed change forms were located. Similarly, no change documents were ever produced, either originals or copies, and no records of any attempted changes, or actual changes, to the IRA beneficiary designation were ever presented in evidence. Hence, while Mr. Freeberg may have expressed an intent to change beneficiaries, the proper forms may or may not have been filled out.

¶22 It is also significant to note that a considerable time passed between Mr. Freeberg's 1995 visit to the Edward Jones's office and his death in 2001. As Judge Pearson explained in *Allen*:

> The rule requiring substantial compliance with the policy terms in effectuating a change of beneficiary becomes necessary for the purpose of demonstrating with a high degree of certainty that the deceased insured unequivocally desired to make that change, and that he did not some time thereafter abandon his purpose by failing to take affirmative steps to carry out his intent. We believe that the interests of predict-

ability and stability in determining the beneficial interest under an insurance policy are matters of overriding importance, and are best served by the requirement of substantial compliance with the formalities of the insurance contract.

*Allen*, 12 Wn. App. at 107-08.

¶23 This rationale should apply with equal force to the changing beneficiaries on an IRA account. Moreover, *Allen* also noted that:

"Equity requires diligence. Therefore, where the insured failed to do all which might reasonably have been possible to effectuate his wishes, as to change a named beneficiary, aid will be denied."

*Id.* at 106, (quoting *In re Estate of O'Neill*, 143 Misc. 69, 76, 255 N.Y.S. 767 (1932)).

¶24 It is possible that Mr. Freeberg did fill out the necessary forms and over the intervening years did nothing further to make sure that the change in beneficiaries had been accomplished. But the facts do not establish this to the degree necessary to allow this court to fill in the missing proof.