**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE M BECKER, as fiduciary of the Xerox Corporation Savings Plan and Xerox Corporation Retirement Income Guarantee Plan,<br><br>           Plaintiff,<br><br>   v.<br><br>CARMEN STEPHANIE MAYS-WILLIAMS,<br><br>           Defendant-Appellee,<br><br>ASA WILLIAMS, Jr., as personal representative of the Estate of Asa Willie Williams,<br><br>           Defendant-Appellant. | No.   16-35191<br><br>D.C. No. 3:11-cv-05830-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted February 6, 2018[**]
Seattle, Washington

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: FISHER, GOULD and PAEZ, Circuit Judges.

Asa Williams, Jr., appeals the judgment entered by the district court in favor of Carmen Stephanie Mays-Williams in this dispute over the decedent Asa Williams, Sr.'s employer-sponsored savings and retirement plans. We review the district court's factual findings for clear error, its conclusions of law de novo and its evidentiary rulings for an abuse of discretion, *see Wagner v. County of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013); *Bertelsen v. Harris*, 537 F.3d 1047, 1056 (9th Cir. 2008), and we affirm.

**1.** We reject Asa Junior's contention that his father strictly complied with the terms of the plans for changing beneficiaries. After viewing all of the evidence, the district court found Asa Junior "failed to establish that Asa Sr. was the individual who called Xerox to change the beneficiary designation." Asa Junior's does not distinctly challenge that finding in his opening brief, and even if he did so, he has not shown the finding is clearly erroneous. Asa Junior did not present admissible, persuasive evidence that it was Asa Senior who made the three phone calls to Xerox. The district court's finding is not "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251, 1263 (9th Cir. 2009) (en banc).

2

**2.** We also reject Asa Junior's argument that Asa Senior substantially complied with the plans' requirements for changing beneficiaries. Under Washington law, "[s]ubstantial compliance requires that the insured has manifested an intent to change beneficiaries and done everything reasonably possible to make that change." *In re Estate of Freeberg*, 122 P.3d 741, 743 (Wash. Ct. App. 2005). Here, the district court's finding that Asa Senior neither manifested an intent to change beneficiaries nor did everything reasonably possible to make that change is not clearly erroneous. The district court reasonably made this finding given Asa Senior's failure to sign, date and return the authorization forms and evidence regarding his amicable relationship with Carmen, his strained relationship with Asa Junior and his intent to provide for his children equally.

**3.** The district court did not abuse its discretion by declining to exclude evidence under Washington's Deadman's Statute, Wash. Rev. Code § 5.60.030. In *Erickson v. Robert F. Kerr, M.D., P.S., Inc.*, 883 P.2d 313, 317 (Wash. 1994), the Washington Supreme Court, citing *Maciejczak v. Bartell*, 60 P.2d 31, 36 (Wash. 1936), said the "deadman statute only applies to actions brought on behalf of [the] estate." Here, Asa Junior is seeking benefits for himself, in his personal capacity, not in his capacity as a representative of Asa Senior's estate. *See Aetna Life Ins.*

*Co. v. Boober*, 784 P.2d 186, 190 (Wash. Ct. App. 1990). The Deadman's statute therefore does not apply. *See id.* at 189-90 & n.21.

**4.** The district court did not abuse its discretion by excluding the transcript of the January 10, 2011 phone call for lack of authentication. Asa Junior shows why this evidence was *relevant* under 29 C.F.R. § 2560.503-1(m)(8), but he does not explain how it was authenticated. *See* Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").

**AFFIRMED.**