Denise G. LEMKE, et al., Appellants,

v.

Bernadine J. SCHWARZ, Respondent.

No. 48997.

Supreme Court of Minnesota.

Aug. 24, 1979.

Rehearing Denied Oct. 5, 1979.

Bruess, Hamerston, Bye & Boyd and David P. Sullivan, Duluth, for appellants.

Courtney, Gruesen, & Petersen and Thomas W. Gruesen, Duluth, for respondent.

Heard before KELLY, TODD, and YETKA, JJ., and considered and decided by the court en banc.

KELLY, Justice.

This is an appeal from a judgment entered in the District Court of St. Louis County. The district court, after a full hearing, ruled that by reason of her status as named beneficiary, defendant, Bernadine Schwarz, was entitled to the entire proceeds of two insurance policies in the name of her deceased husband. Judgment was entered accordingly, and plaintiffs appealed. We reverse.

At the time of his death, decedent was the named insured under the terms of two life insurance policies which listed defendant as the beneficiary. Both policies provided that the insured could from time to time designate a change of beneficiary by filing a written request with the company.

Shortly before his death on September 8, 1975, the insured wrote a letter, entirely in his own handwriting, to his daughter, Debora, one of the plaintiffs herein. The letter was dated September 7, 1975, and postmarked the following day. The letter read in part as follows:

"* * * [T]here are a few things that I want you to know & I want you to keep because of legal matters that might arise in the near future. I should have kept a copy of this letter, but I haven't & so it's up to you. Hang on to this because sometimes it takes a long time for things to develop & then you may need some evidence & this letter should be a part of a record."

Decedent then set forth the following provision between quotation marks:

"I hereby decree & make it known to all persons that whatever are my possessions—material things such as shall be known by my wife Bernie Schwarz to be things as housewares, painting and misc. items that I contributed to our household, let it be known that my daughters Debora Schwarz & Denise Lemke (Schwarz) have the right to share and share alike in these items and that my wife Bernie Schwarz, has not one right to withhold these items.

"Also let it be known that I also bequeath to my two daughters, Debora & Denise, all other assets that I have at the time of my death. These assets namely would be to the best of my knowledge at this writing a life insurance policy with Goodwill Industries in the amount of $5,000—a Retirement Benefit with the National Health and Welfare Association—all my retirement benefits plus a death benefit of two years of my salary. Also at the time of this writing & date I have been informed by my brother-in-law Omer Larson, that I am the benefactor of at least $5,000 from the estate of my late, father, Walter Schwarz. This also should be considered a part of my estate & divided equally between my two daughters."

At the conclusion of these provisions, it stated:

"All parts enclosed under the sign of 'marks are to be known as my last will & testament.' Let no one contest my last wishes."

Thereafter, insured concluded this letter as follows:

"Share nothing with Bernie [defendant] because she has not been willing to share her life with me.

"I love you,

Daddy"

This letter did not reach Debora until after she had returned from her father's funeral. After receipt of that letter, plaintiffs retained legal counsel and notified the respective insurance companies, indicating their belief that the insured had intended them to be the beneficiaries on the insurance policies and demanding that no payment be made to anyone until an appropriate resolution had been reached. Both insurance companies subsequently paid the proceeds of the insurance policies to the plaintiffs' attorney to be held in trust pending the resolution of this matter. The insurance companies are not parties to this action.

The district court made no findings respecting the legal effect of the letter which insured sent to his daughter, Debora, nor did it make a finding as to insured's intent in drafting the letter. The court merely ruled that, as the named beneficiary, defendant was entitled to the entire proceeds of both insurance policies.

On this appeal, plaintiffs do not argue that decedent's letter to his daughter constituted a valid will. They do contend, however, that the letter was effective to change the beneficiary on the two policies in question from decedent's wife, Bernadine, the named beneficiary, to decedent's daughters, the plaintiffs herein. We agree.

■ This court has, in our prior decisions, made it clear that a change of beneficiary may properly be effected in spite of the failure of the insured to comply with each and every policy requirement. *Pabst v. Hesse*, 286 Minn. 33, 173 N.W.2d 925 (1970); *Brown v. Agin*, 260 Minn. 104, 109 N.W.2d 147 (1961). In *Brown v. Agin, supra,* speaking to this issue, we reasoned as follows (260 Minn. 109, 109 N.W.2d 150):

"* * * Such provisions are for the protection of the insurer, and where, as here, the insurance company has deposited the proceeds of the policy to be paid in accordance with the order of the court, it has waived any defense it might have to the claim of either party."

We therefore determined that in cases such as these equitable principles should control. We additionally adopted a two-pronged test as a guideline for future determinations:

"* * * (1) whether the insured intended to change the beneficiary and (2) whether he took affirmative action or otherwise did substantially all that he could do to demonstrate that intention without regard to whether he complied with the change-of-beneficiary provisions in the policy." 260 Minn. 109, 109 N.W.2d 151.

■ In order to utilize the above test, a close examination of the facts before us becomes necessary. Here, the insured had been married three times. At the time of his death, he had been married to defendant for a little more than a year. There was testimony that during the last 6 months of their marriage the relationship between defendant and the insured became progressively worse, to the extent that at one point defendant left her husband and remained separated from him for a period of a week. On the evening prior to his death, defendant informed the insured of her intent to leave him. It was sometime subsequent to this that the insured wrote the letter in question.

Defendant claims that the insured's act of sending the letter to his daughter neither evidences an intent to change beneficiaries nor constitutes a substantial effort to demonstrate that intent. We disagree. The language of the letter expresses the insured's clear and unambiguous intent that his daughters rather than his wife receive the entire proceeds of the policies. It is also apparent that the insured expected and fully intended the letter to have legal significance.[1]

Defendant maintains that even assuming that the insured had the requisite intent, his subsequent acts were not sufficient to effect the change claimed by the plaintiffs. Defendant suggests that had the insured simultaneously written to his employer or

1. "Hang on to this because sometimes it takes a long time for things to develop & then you may need some evidence & this letter should be a part of a record."

to the insurer or even sent them copies of the original letter, the policy provisions may have been satisfied. It is undisputed that the insured could have changed his mind several times regarding the choice of beneficiary on the life insurance policies. There seems to be, however, little, if any, distinction between writing a letter to the insurer of the change and making an unequivocal statement of such intent in a letter to another, so long as the insurer, for whose benefit the notice requirements exist, is not thereby prejudiced.

 Many courts that have required relatively strict compliance with the policy formalities have reasoned that this best effectuates the original intent of the parties and insures that the insured " * * * unequivocally desired to make that change, and that he did not at some time thereafter abandon his purpose by failing to take affirmative steps to carry out his intent." *Allen v. Abrahamson*, 12 Wash.App. 103, 107, 529 P.2d 469, 471 (1974). We do not find this reasoning persuasive. We hold that where an insured has clearly and unambiguously demonstrated an intent to change the beneficiary on a life insurance policy, this intent should be given effect unless prejudice to the insurer would result. If there exists any confusion as to the insured's intent or conflicting expressions of intent, then the named beneficiary should be entitled to the proceeds. This will avoid the practical difficulties which have troubled some courts.

In the instant case, the trial court made no findings of fact regarding the insured's mental state. However, because the letter written by the insured constitutes the primary evidence on this issue, this court is as able as the trial court to make the ultimate determination. *In re Trust Known as Great Northern Iron Ore Properties*, 308 Minn. 221, 225, 243 N.W.2d 302, 305, certiorari denied, 429 U.S. 1001, 97 S.Ct. 530, 50 L.Ed.2d 612 (1976).

 As we have already stated, we believe that the insured intended to substitute his daughters as beneficiaries on his insurance policies in place of his wife. In addition, we find that the insured made affirmative efforts to effect this change and under the circumstances substantially complied with the relevant policy provisions. For the foregoing reasons, we reverse the judgment of the trial court and hold that the plaintiffs are entitled to the proceeds of both policies.

Reversed.

OTIS, J., took no part in the consideration or decision of this case.