Peter J. LARSEN, Appellant,

v.

NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY, Defendant,

James J. Knapp, Personal Representative of the Estate of LuAnn Knapp Larsen, Respondent.

No. C2–90–1376.

Court of Appeals of Minnesota.

Dec. 11, 1990.

Review Denied Feb. 6, 1991.

William L. Lucas, Harvey, Thorfinnson, Scoggin, Lucas & Kallas, P.A., Eden Prairie, for appellant.

Dennis L. Johnson, Minneapolis, for respondent.

Considered and decided by CRIPPEN, P.J., and FOLEY and SCHUMACHER, JJ.

## OPINION

FOLEY, Judge.

The question presented in this appeal arises from a declaratory judgment brought to determine the proper recipient

of the proceeds of a life insurance policy following the death of the insured, LuAnn Knapp Larsen. Decedent's life was insured under a policy issued by Northwestern National Life Insurance Company.

Appellant Peter J. Larsen, the beneficiary named in the policy, brought this action against NWNL and respondent James L. Knapp, personal representative of decedent's estate. Pursuant to cross-motions, the trial court granted summary judgment in favor of Knapp and ordered the proceeds of the policy paid over to the estate. We affirm.

## FACTS

The facts of the matter are largely undisputed. On July 7, 1983 decedent executed a life insurance beneficiary designation form naming Larsen, her then-husband, beneficiary of the policy. Four years later, pursuant to proceedings to dissolve their marriage, decedent and Larsen entered into a stipulated settlement, which was incorporated into the dissolution decree, awarding each all right, title and interest in the insurance policies covering his or her respective life. The parties' marriage was dissolved on February 2, 1988.

During the dissolution proceeding, decedent asked her attorney if she could remove Larsen's name from her life insurance beneficiary designation. Decedent's attorney advised her that she should not change the beneficiary of the life insurance policy until the dissolution was final. On the date of the final decree, decedent's attorney advised her that it would be appropriate to consult with her employers' personnel or benefits office to effectuate the change.

Decedent died in an automobile accident on March 23, 1988, approximately 50 days after entry of the final judgment and decree. Decedent had indicated that, in the event of her death, she wanted her property to go to her mother. At the time of her death, however, Larsen was still listed as the designated beneficiary of decedent's life insurance policy. Knapp and Larsen each claim right to the proceeds of decedent's insurance policy.

## ISSUE

Did the trial court err by ordering the proceeds of decedent's insurance policy to be paid over to her estate when, at the time of her death, Larsen was still designated as beneficiary of the insurance policy?

## ANALYSIS

Summary judgment is appropriate where there is no genuine dispute as to any material facts. Minn.R.Civ.P. 56. Where the facts are not disputed, this court need not defer to the trial court's decision on matters of law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

■ The effect of a stipulation or dissolution decree granting each spouse his or her own interest in a life insurance policy on the beneficiary designation in such policy appears to be a matter of first impression in Minnesota. Ordinarily, marriage dissolution does not affect the right of the named beneficiary. When an insured does not change the beneficiary of his or her life insurance policy after a marriage dissolution, the ex-spouse beneficiary is entitled to the proceeds of the policy upon the death of the insured. This rule is based on the notion that the beneficiary's claim to the proceeds evolves from the terms of the policy rather than the status of the marital relationship. 4 Couch on Insurance (Second) § 27:11 (1984).

■ However, under certain circumstances the ex-spouse beneficiary may have surrendered his or her right by a property settlement, which may or may not have been incorporated into the dissolution decree. 5 Couch on Insurance (Second) § 29:4 (1984).

Whether a property settlement agreement should be deemed to bar the [ex-spouse beneficiary's right to the insurance proceeds] is a question of the construction of the agreement itself. Where there is no provision that the effecting of the settlement agreement should deprive her of her rights as named beneficiary and she in fact remains named as beneficiary, the settlement agreement will not

be given broader scope than its express terms specify.

*Id.* at 243.

■ Here, the stipulation between decedent and Larsen, which was incorporated into the dissolution decree, provides:

Each party may be awarded all right, title and interest in those life insurance policies covering his or her respective life.

Although neither the stipulation nor the dissolution decree specifically referred to the beneficiary designation of decedent's life insurance policy, we believe the references in the decree and stipulation granting *"all right, title and interest"* contemplated rights beyond the cash surrender value of the policy or the right merely to receive physical delivery of the policy.[1] It is a well established rule of law that where the intention of the parties may be gained wholly from the writing, the construction is for the court. *Donnay v. Boulware*, 275 Minn. 37, 44, 144 N.W.2d 711, 716 (1966).

When read in concert with the provisions in the stipulation by which decedent and Larsen each were awarded items of property free and clear of any claim to such property by the other, it is clear the provision awarding decedent all interest in her insurance policy was intended to divest Larsen of his right as beneficiary. We do not believe such an interpretation gives the settlement broader scope than expressed terms.

Larsen has urged this court to follow the rationale of the Wisconsin Supreme Court determination that a life insurance beneficiary was not divested of her interest by a dissolution decree awarding each spouse "the life insurance policies on their respective persons." *Bersch v. Vankleeck*, 112 Wis.2d 594, 596–98, 334 N.W.2d 114, 116–17 (1983). Under the terms of the decree at issue, however, we are compelled to uphold the trial court's award of the insurance proceeds to decedent's estate.

■ A change of beneficiary of an insurance policy may be effectuated without notice to the insurer where the insured's efforts are otherwise in substantial compliance with the requirements imposed by the contract. "The rule generally applied is that equity regards that as done which ought to have been done." *Brown v. Agin*, 260 Minn. 104, 109, 109 N.W.2d 147, 150 (1961).

■ The Minnesota Supreme Court has established a two-part test to determine whether there has been effective change of beneficiary: (1) whether there was intent to change the beneficiary by the insured; and (2) whether the insured acted affirmatively or otherwise did substantially all possible to show intention whether or not she complied with policy change of beneficiary provisions. *Id.* at 106, 109 N.W.2d at 151.

In *Gwin v. Gappa*, 394 N.W.2d 530 (Minn.App.1986), this court applied the *Brown* test to uphold a trial court's determination that an insured's failure to deliver a beneficiary change form indicated a lack of intent to effect the change. This court stated:

Delivery of the change of beneficiary form to the insurance company is not essential to effect a change in beneficiaries. However, as the court concluded, such a failure may create confusion about the insured's intent. When examining the intent of the insured:

If there exists any confusion as to the insured's intent or conflicting expressions of intent, then the named beneficiary should be entitled to the proceeds.

*Id.* at 534 (quoting *Lemke v. Schwarz*, 286 N.W.2d 693, 696 (Minn.1979)).

■ Decedent's insurance policy contained the following provision:

An Insured may change his beneficiary at any time by submitting written notice in the form satisfactory to the Company * * *. * * * Upon receipt and approval

---

1. Decedent apparently possessed other investments with benefits payable on death to a named individual. There is no indication in the record, however, that decedent possessed life insurance other than the policy at issue. Although Knapp contends decedent changed the beneficiary designations for her IRA and annuity, naming her mother as the beneficiary, such facts are not supported in the record.

by the Company at its Home Office, the change of beneficiary will be effective from the date the notice was signed by the Insured.

Decedent tragically died only a short time after the dissolution, without changing the beneficiary designation. Larsen argues that decedent had more than enough time to change her beneficiary if that was what she had so intended. The Minnesota Supreme Court has held that

> where an insured has clearly and unambiguously demonstrated an intent to change the beneficiary on a life insurance policy, this intent should be given effect unless prejudice to the insurer would result.

*Lemke,* 286 N.W.2d at 696.

■ We believe the stipulation and dissolution decree adequately demonstrated decedent's intent that she no longer wished her ex-husband to have any interest in her life insurance policy. NWNL received copies of the stipulation and decree prior to making any payment on the policy and did not object to such documents as notification of decedent's intention to change the beneficiary designation. Because NWNL is not prejudiced, we must give effect to decedent's intention to change the beneficiary designation.

### DECISION

The trial court's judgment ordering the proceeds of decedent's insurance policy paid over to her estate is affirmed.

Affirmed.