**MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Respondent,**

v.

**Karen L. BUNDE, Personal Representative of the Estate of William C. Phelps, Defendant,**

**Lola Phelps, Appellant.**

**No. C8–96–1119.**

Court of Appeals of Minnesota.

Nov. 19, 1996.

Review Denied Jan. 15, 1997.

Suzette E. Johnson, C.A. (Gus) Johnson, II, Johnson, Anderson & Zellmer, P.L.L.P., Mankato, for Appellant.

Silas L. Danielson, Blethen, Gage & Krause, Mankato, for Respondent.

Considered and decided by PETERSON, P.J., and KLAPHAKE and FORSBERG,* JJ.

## OPINION

KLAPHAKE, Judge.

Lola Phelps appeals from a grant of summary judgment to respondent Minnesota Mutual Life Insurance Company denying her claim for life insurance benefits. Appellant argues the district court improperly applied the substitution of beneficiary theory to change the beneficiary on her late husband's life insurance plan. Because we find the doctrine of substitution of beneficiary unavailable to respondent as a means of avoiding its contractual obligation, we reverse and remand.

## FACTS

In June 1989, respondent issued a life insurance policy with a death benefit of $60,000 to William C. Phelps. The benefits would first satisfy a loan from the primary beneficiary, Farm Credit Services, and the balance would be paid to the secondary beneficiary, Phelps's first wife, Alice Phelps. Alice Phelps died in 1991, but Phelps never removed her name from the policy. In 1994, Phelps married appellant.

In May 1995, Phelps was diagnosed with cancer. His children contacted Shelli Grover of Farm Credit Services to determine the beneficiary status on the policy. Grover, acting as respondent's agent, sent the children a letter incorrectly stating they would receive

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

the policy benefits. In fact, the policy provided:

> If no beneficiary has been designated, or the designated beneficiary does not survive you, payment will be made according to the following order of priority:
>
> (1) the beneficiary designated by you in connection with your prior coverage;
>
> (2) *if no beneficiary has been designated in connection with the prior coverage, then to your surviving spouse, if any;*
>
> (3) if no beneficiary is named in connection with the prior coverage and there is no surviving spouse, then to the personal representative of your estate.

(Emphasis added.) Under these terms, appellant, not the children, would be entitled to the benefits.

After receiving the letter, Phelps's children and his attorney, Doug Johanson, met with Phelps and read the letter. Johanson asked Phelps if he wanted his children to be the policy beneficiaries, and he responded "Absolutely, I want the kids to get that." While the policy required a written change of beneficiary, no written change was made. Phelps died on June 2, 1995.

Respondent Minnesota Mutual brought this declaratory judgment action against Phelps's estate[1] and appellant, and the estate and appellant each counterclaimed against respondent. Respondent requested permission to pay the proceeds into court and be dismissed from the case. The court denied the motion, and the parties filed cross motions for summary judgment.

The district court first granted summary judgment to the estate. The court determined that through Grover's letter, respondent had negligently misrepresented the children's beneficiary status. The court concluded that Phelps and his children relied on the misrepresentation to their detriment and

were damaged for the full amount of the benefits. Respondent has not appealed this ruling.

The district court then granted summary judgment to respondent on appellant's counterclaim. The court determined that appellant's status as the "contractual beneficiary" would result in respondent having to pay double benefits on the policy. To avoid this result, the court applied the substitution of beneficiary theory and concluded that the children were Phelps's intended beneficiaries. On appeal, appellant argues the district court erred in applying this theory.

## ISSUE

After it has been found separately liable in tort to another party, can an insurer avoid a contractual obligation by relying on the substitution of beneficiary theory?

## ANALYSIS

On appeal from grant of summary judgment, this court must determine whether any general issues of material fact exist and whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990); *see Admiral Merchants Motor Freight Inc. v. O'Connor & Hannan,* 494 N.W.2d 261, 265 (Minn.1992). This court is not bound by a district court's decision on a purely legal issue. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

Appellant contends the district court erred in applying the substitution of beneficiary theory[2] because this equitable doctrine is unavailable to respondent, the insurer in this case. The substitution of beneficiary theory is generally applied in disputes between alleged beneficiaries, where the insurer is permitted to pay the policy proceeds into court and be dismissed from the case. The suit then becomes

---

1. Appellant has no interest in or rights to Phelps's estate because, prior to her marriage, she signed an antenuptial agreement in which she expressly waived any rights she might have in Phelps's estate upon his death.

2. Under this equitable theory, a court may find a change of beneficiary despite an insured's failure

to comply with the policy terms if the evidence clearly and unambiguously demonstrates that the insured intended to change the beneficiary and took affirmative steps to make the change. *Lemke v. Schwarz,* 286 N.W.2d 693, 696 (Minn. 1979).

*not a suit to recover money from the insurance company, but a suit to determine which one of the * * * claimants * * * had the superior right to the money* deposited in court. The courts have generally held that such an action then *becomes a suit in equity,* or one to which equity principles and rules apply.

*Brajovich v. Metropolitan Life Ins. Co.,* 189 Minn. 123, 129, 248 N.W. 711, 714 (1933) (emphasis added); *see also Brown v. Agin,* 260 Minn. 104, 109, 109 N.W.2d 147, 150 (1961) ("Where the insurer is not a party to the litigation, equitable principles govern in regard to the interpretation of change-of-beneficiary clauses."). By paying the proceeds into court, the insurer waives any protection afforded it by the policy provision requiring written change of beneficiaries and assumes a position "indifferent as between rival claimants." *Boehne v. Guardian Life Ins. Co.,* 224 Minn. 57, 66, 28 N.W.2d 54, 60 (1947) (emphasis added). The insurer's obligation is merely to pay the proceeds to the proper beneficiary, whether "named" or "intended."

■ Thus, the use of substitution of beneficiaries is justified in disputes between beneficiaries where the insurer plays an indifferent and passive role. Here, however, respondent is not passive or "innocent," but seeks equitable relief from its contractual obligation merely because it was required to pay tort damages to another party. We therefore agree with appellant and hold the theory of substitution of beneficiary unavailable to respondent. We find no inequity in holding respondent separately liable under the terms of its contract and for its tortious actions. This is not double payment under the policy.

We further reject respondent's argument that it may use the theory because this court applied it in *Larsen v. Northwestern Nat'l Life Ins. Co.,* 463 N.W.2d 777 (Minn.App. 1990), *review denied* (Minn. Feb. 6, 1991). Despite the *Larsen* case title, the representative of the estate, *not the insurer,* argued for the application of the theory. *Id.* at 780–81. Respondent has offered no authority from any jurisdiction allowing an insurer to rely on the theory when the insurer's own negligence prevented an effective policy change. Again, Minnesota courts have applied the

theory only in cases between a named beneficiary and an alleged or intended beneficiary. *See, e.g., Lemke v. Schwarz,* 286 N.W.2d 693, 695 (Minn.1979); *Pabst v. Hesse,* 286 Minn. 33, 33–34, 173 N.W.2d 925, 926 (1970); *Brown,* 260 Minn. at 106, 109 N.W.2d at 148; *Boehne,* 224 Minn. at 60, 28 N.W.2d at 57; *McCloud v. Aetna Life Ins. Co.,* 221 Minn. 184, 185, 21 N.W.2d 476, 477 (1946); *Brajovich,* 189 Minn. at 125–26, 248 N.W. at 712–13; *Larsen,* 463 N.W.2d at 780–81; *Gwin v. Gappa,* 394 N.W.2d 530, 532 (Minn.App. 1986).

The district court therefore erred in applying the substitution of beneficiary theory and in granting summary judgment to respondent. Respondent cannot avoid paying appellant on the contract merely because it has been found liable to the estate in tort. On her cross motion for summary judgment, appellant was entitled to judgment as a matter of law. *See* Minn. R. Civ. P. 56.03.

■ Finally, appellant has requested attorney fees and costs. Attorney fees are recoverable in a declaratory judgment action *"only* if there is a breach of a contractual duty or statutory authority exists to support such an award." *American Standard Ins. Co. v. Le,* 551 N.W.2d 923, 927 (Minn.1996) (emphasis in original). Appellant cites Minn. R. Civ. P. 11, which requires an attorney to certify that a party's position is "warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." While appellant has prevailed on appeal, we cannot necessarily conclude that respondent's position here or before the district court was without legal foundation or frivolous. Rather, respondent presented an issue of law that we have determined was incorrectly decided by the district court. Because there is no basis for an award of fees in this case, appellant's request is denied.

### DECISION

We reverse the grant of summary judgment to respondent and remand for entry of judgment for appellant.

**Reversed and remanded.**